IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVID FIKE, | CASE NO. 8:12-CV-113 |
| Plaintiff, | **NOTICE OF REMOVAL** |
| vs. | |
| CHARLES E. THORTON and PRODUCTS UNLIMITED, INC., | |
| Defendants. | |

COMES NOW Defendants Charles E. Thorton and Products Unlimited, Inc., and pursuant to 28 U.S.C. §§ 1441 & 1446, remove this action from the District Court of Douglas County, Nebraska to the United States District Court for the District of Nebraska. Removal is proper on the following grounds:

1. On February 13, 2012, Plaintiff David Fike, a resident of California, commenced this action in the District Court of Douglas County, Nebraska. Said action is still pending.

2. Defendant Products Unlimited, Inc., a corporation organized under the laws of the State of Nebraska and with its principal place of business in Omaha, Nebraska, was served with process on February 16, 2012.

3. Defendant Charles E. Thorton, a resident of the State of Nebraska, was served with process on February 23, 2012.

4. Pursuant to 28 U.S.C. § 1332(a)(1), this Court has original diversity jurisdiction over this matter. Under that section, this Court has original diversity jurisdiction over any action in which (1) the amount in controversy exceeds $75,000.00, exclusive of interests and costs; and (2) is between citizens of different states. 28 U.S.C. § 1332(a)(1). The complaint alleges that Plaintiff has (1) incurred damages from medical expenses totaling $66,861.32 and will incur future medical expenses in an unspecified amount, (2) incurred damages from lost wages in an unspecified amount and will incur future lost wages in an unspecified amount, and (3) incurred damages from loss of quality and ability to enjoy his life in an unspecified amount and will incur

future loss of quality and ability to enjoy his life in an unspecified amount. (Complaint ¶¶ 8-10). Although Plaintiff's Complaint does not specify the total damages, it can be reasonably inferred that that the amount in controversy exceeds $75,000.00.

     5.    Venue is proper in this judicial district because all the defendants reside in the State in which the District of Nebraska is located. 28 U.S.C. § 1391(b)(1).

     6.    Removal is proper under 28 U.S.C. § 1446 because this notice has been filed within thirty (30) days after receipt of the initial pleadings by Charles E. Thorton on February 23, 2012 and both Defendants join in and consent to this removal. *See* 28 U.S.C. § 1446(b)(1)-(2). A copy of the Summons and Complaint served upon Defendants is attached as Exhibit A.

     7.    A notice of the filing of this Notice of Removal is being filed contemporaneously herewith in the District Court of Douglas County, Nebraska.

     8.    There are no matters pending in the District Court of Douglas County, Nebraska that will currently require resolution by this Court.

     DATED this 23rd day of March, 2012.

                              CHARLES E. THORTON and PRODUCTS
                              UNLIMITED, INC., Defendants

         BY:   /s/*Michael F. Coyle*
                  Michael F. Coyle, #18299
                  FRASER STRYKER PC LLO
                  500 Energy Plaza
                  409 South 17th Street
                  Omaha, Nebraska 68102-2663
                  (402) 341-6000
                  mcoyle@fraserstryker.com
                  ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of March, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

David J. Cripe
Hauptman, O'Brien, Wolf, & Lathrop, P.C.
1005 S. 107th Ave., Suite 200
Omaha, NE 68114
(402) 390-9000
dcripe@hauptman-obrien.net
ATTORNEY FOR PLAINTIFF

/s/*Michael F. Coyle*

Filed in Douglas District Court
*** EFILED ***
Case Number: D 01 CI 12 0001205
Transaction ID: 0000209723
Filing Time: 2012-02-13 02:15:36 PM CST

IN THE DISTRICT COURT OF DOUGLAS COUNTY, NEBRASKA

| | |
|---|---|
| DAVID FIKE, | Case No. _____ |
| Plaintiff, | |
| vs. | COMPLAINT |
| CHARLES E. THORTON and PRODUCTS UNLIMITED, INC. | |
| Defendants. | |

COMES NOW the Plaintiff and for his cause of action against the Defendants alleges and states as follows:

1. That Plaintiff David Fike, at all times material and relevant herein, was a resident of Santa Margarita, CA.

2. That Defendant Charles E. Thornton, at all times material and relevant herein, was a resident of Omaha, Douglas County, Nebraska.

3. Defendant Charles E. Thornton, at all times mentioned herein, was the driver of a vehicle owned by Defendant Products Unlimited, Inc.

4. That Defendant Products Unlimited, Inc. is a corporation organized and existing under the laws of the laws of the State of Nebraska and doing business in Omaha, Douglas County, Nebraska.

5. On or about August 7, 2009, at approximately 11:36 a.m., Plaintiff David Fike was standing near the rear of his tractor trailer parked on or near the street at 18th and Paul Streets in Omaha, Douglas County, Nebraska. Then and there Defendant Charles Thorton attempted to reverse his tractor trailer to a location near Plaintiff's trailer and in doing so struck and pinned Plaintiff in between the two tractor trailers causing him severe and permanent personal injuries as more fully set forth below.



EXHIBIT "A"

6. The sole and proximate cause of the above-mentioned incident was the negligence of Defendant Charles E. Thornton in the following particulars, to wit:

    a)    In failing to keep a proper lookout;

    b)    In failing to keep his vehicle under control;

    c)    In failing to obtain ground assistance so that he could safely maneuver his vehicle while in reverse;

    d)    In failing to communicate his intentions with respect to where he was parking the tractor trailer;

7. As a direct and proximate result of the negligence of Defendant, as hereinabove set forth, Plaintiff suffered severe, painful, and permanent injuries to his lumbar spine, abdomen, pelvis, ribs, legs and to his body as a whole; and further that Plaintiff continues to treat for said injuries.

8. As a further direct and proximate result of the incident and injuries sustained therefrom, Plaintiff incurred medical expenses to date in excess of $66,861.32, and will incur medical expenses into the future.

9. As a further direct and proximate result of the incident and injuries sustained therefrom, Plaintiff has lost wages in an amount to be determined prior to trial and will suffer lost wages and a loss of earning capacity in the future.

10. As a further direct and proximate result of the negligence of Defendant, Plaintiff has and will suffer a loss of the quality and ability to enjoy his life.

WHEREFORE, Plaintiff prays for judgment against Defendants for any special damages incurred hereafter, for general damages for his injuries; for medical expenses to date; for future medical expenses; for past and future lost wages; for his loss of earning capacity; for pain and suffering; for loss of enjoyment of life; for costs expended herein; and for such other and further relief as this Court may deem appropriate.

Dated this 13th day of February, 2012.

                DAVID FIKE, Plaintiff

By: /S/ David J. Cripe
     David J. Cripe, #21463
     HAUPTMAN, O'BRIEN, WOLF,
      & LATHROP, P.C.
     1005 South 107th Avenue, Suite 200
     Omaha, Nebraska 68114
     (402) 390-9000
     dcripe@hauptman-obrien.net
     ATTORNEYS FOR PLAINTIFF

Image ID: D00106559D01

**SUMMONS**

Doc. No. 106559

IN THE DISTRICT COURT OF Douglas COUNTY, NEBRASKA
1701 Farnam
Omaha                    NE 68183

David Fike v. Charles E Thorton

Case ID: CI 12    1205

TO:   Charles E Thorton

**FILED BY**
Clerk of the Douglas District Court
02/14/2012

You have been sued by the following plaintiff(s):

   David Fike

Plaintiff's Attorney:   David Cripe
Address:                1005 South 107th Avenue,  Ste 200
                        Omaha, NE 68114

Telephone:              (402) 390-9000

A copy of the complaint/petition is attached. To defend this lawsuit, an appropriate response must be served on the parties and filed with the office of the clerk of the court within 30 days of service of the complaint/petition. If you fail to respond, the court may enter judgment for the relief demanded in the complaint/petition.

Date:   FEBRUARY 14, 2012     BY THE COURT:   *John M. Friend*
                                              Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE
COMPLAINT/PETITION ON:

   Charles E Thorton
   3730 North 35th Street
   Omaha, NE 68104

Method of service:   Certified Mail

You are directed to make such service within ten days after the date of issue, and file with the court clerk proof of service within ten days after the signed receipt is received or is available electronically, whichever occurs first.

Image ID: D00106560D01

**SUMMONS**

Doc. No. 106560

IN THE DISTRICT COURT OF Douglas COUNTY, NEBRASKA
1701 Farnam
Omaha          NE 68183

David Fike v. Charles E Thorton

Case ID: CI 12    1205

TO:   Products Unlimited Inc

**FILED BY**
Clerk of the Douglas District Court
02/14/2012

You have been sued by the following plaintiff(s):

David Fike

Plaintiff's Attorney:   David Cripe
Address:                1005 South 107th Avenue,  Ste 200
                        Omaha, NE 68114

Telephone:              (402) 390-9000

A copy of the complaint/petition is attached. To defend this lawsuit, an appropriate response must be served on the parties and filed with the office of the clerk of the court within 30 days of service of the complaint/petition. If you fail to respond, the court may enter judgment for the relief demanded in the complaint/petition.

Date:  FEBRUARY 14, 2012     BY THE COURT:  John M. Friend
                                            Clerk

PLAINTIFF'S DIRECTIONS FOR SERVICE OF SUMMONS AND A COPY OF THE COMPLAINT/PETITION ON:

Products Unlimited Inc
c/o John K. Beier
901 South 89th Street
Omaha, NE 68114

Method of service:   Certified Mail

You are directed to make such service within ten days after the date of issue, and file with the court clerk proof of service within ten days after the signed receipt is received or is available electronically, whichever occurs first.