IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

DAVID FIKE,

                Plaintiff,

    v.

CHARLES E. THORNTON and
PRODUCTS UNLIMITED, INC.,

                Defendants.

8:12CV113

**FINAL JURY INSTRUCTIONS**

## INSTRUCTION NO. 1

## DUTY

It will be your duty to decide from the evidence whether the plaintiff is entitled to a verdict against the defendants. From the evidence, you will decide what the facts are. You are entitled to consider the evidence in the light of your own observations and experiences in life. You may use reason and common sense to draw deductions from facts established by the evidence. You will then apply those facts to the law which I give you in these and the other instructions. In that way, you will reach your verdict. You are the sole judges of the facts; but you must follow the law as stated in my instructions, whether you agree or disagree with the law stated in the instructions.

Do not allow sympathy or prejudice to influence you. The law requires that your verdict be unaffected by anything except the evidence, your common sense, and the law stated in these and other instructions.

Anything that I may say or do during the trial must not be taken by you as an indication of what I think of the evidence or what I think your verdict should be.

**INSTRUCTION NO. 2**

**EVIDENCE**

The word "evidence" includes the testimony of witnesses; documents and other things received as exhibits; any facts that have been stipulated, that is, formally agreed to by the parties; and any facts that have been judicially noticed, that is, facts which I say you must accept as true.

Certain things are not evidence. I will list those things for you now:

1.   Statements, arguments, questions and comments by lawyers are not evidence.

2.   Exhibits that are identified by a party but not offered or received in evidence are not evidence.

3.   Objections are not evidence.  Lawyers have a right and sometimes an obligation to object when they believe that the evidence being offered is improper.  You should not be influenced by the objection.  If I sustain an objection to a question or an exhibit, you must ignore the question or the exhibit and must not try to guess what the information might have been.

4.  Testimony and exhibits that I strike from the record or tell you to disregard are not evidence and must not be considered.

5.   Anything you see or hear about this case outside this courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only.  That is, it can be used by you only for one particular purpose, and not for any other purpose.  I will tell you when that occurs, and instruct you on the purposes for

which the item can and cannot be used.   You should also pay particularly close attention to such an instruction, because it may not be available to you in writing later in the jury room.

Finally, some of you may have heard the phrases or terms "direct evidence" and "circumstantial evidence."  Direct evidence is direct proof of a fact, such as testimony by an eyewitness.  Circumstantial evidence is proof of facts from which you may infer or conclude that other facts exist.  You are instructed that you should not be concerned with those terms, since the law makes no distinction between the weight to be given to direct and circumstantial evidence.

**INSTRUCTION NO. 3**

**BENCH CONFERENCES AND RECESSES**


During the trial it may become necessary for me to talk with the lawyers outside your hearing, either by having a bench conference while you are present in the courtroom, or by calling a recess.  Please understand that while you are waiting, the court and counsel are working.  The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence which govern the trial, and to avoid confusion and error.  We will, of course, do what we can keep the number and length of these conferences to a minimum.

**INSTRUCTION NO. 4**

**JURY QUESTIONS**


While evidence is being presented, you are not allowed to raise your hands to ask questions about that evidence.  However, if you do have questions about something you hear during the examination of a witness, you may write your questions down on a piece of paper.  When the attorneys have finished examining that witness, you may submit your written question or questions.  I will review each question with the attorneys.  You may not receive an answer to your question because I may decide that the question is not proper under the rules of evidence.  The attorneys may choose to answer your questions by asking more questions of the witness.  But even if the question is proper, you may not get an immediate answer to your question.  For instance, a witness or an exhibit that you will see later in the trial may answer your question.

**INSTRUCTION NO. 5**

**NOTE-TAKING**

If you wish, you may take notes to help you remember what witnesses said. Notes may be helpful to you because at the end of the trial, you must make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it may not be practical for the court reporter to read back lengthy testimony. Therefore, you should pay close attention to the testimony as it is given.

If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide this case. Do not let note-taking distract you to the point that you miss hearing other testimony from the witness.

During the trial, documents or other physical items may be received into evidence. At the present, however, you will not be supplied with a list of exhibits which are received in evidence. Therefore, you may wish to make notes about the exhibits, especially their description and number, so that you can refer to those exhibits while you are deliberating.

When we take our recess each day for the lunchtime break and when we take our recess each night, please take your notes to the jury room and leave your notes there. The courtroom deputy will take custody of your notes and secure them.

No one will read your notes but you. Your notes will be destroyed after the trial is over.

**INSTRUCTION NO. 6**

**PREPONDERANCE OF EVIDENCE**


Your verdict depends on whether you find certain facts have been proved by a preponderance of evidence.  In order to find that a fact has been proved by a preponderance of evidence you must find that it is more likely true than not true.  It is determined by considering all of the evidence and deciding which evidence is more believable.

You have probably heard of the phrase "proof beyond a reasonable doubt."  That is a stricter standard which applies in criminal cases.  It does not apply in civil cases such as this.  You should, therefore, put it out of your minds.

## INSTRUCTION NO. 7

## WITNESSES

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.  You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, a witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things.  You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

**INSTRUCTION NO. 8**

**CONDUCT OF THE JURY**

To insure fairness, you as jurors must obey the following rules:

First, do not talk among yourselves about this case, or about anyone involved with this case, until the end of the case when you go to the jury room to decide on your verdict.

Second, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

Third, when you are outside this courtroom, do not let anyone tell you anything about this case or anyone involved in it until the trial has ended and I have accepted your verdict.  If someone should try to talk to you about this case during the trial, please report it to me or to the deputy clerk.

Fourth, during the trial you should not talk with or speak to any of the parties, lawyers, or witnesses involved in this case—you should not even pass the time of day with any of them.  If a person from one side of the lawsuit sees you talking to a person from the other side—even if it is simply to pass the time of day—it might arouse an unwarranted suspicion about your fairness.  If a lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or encounter each other elsewhere while this trial is taking place, do not think he or she is being rude.  Those persons are not supposed to talk or visit with you, either.

Fifth, you must decide this case on the basis of evidence presented in the courtroom.  Therefore, do not read any news stories or articles about the case, or about

anyone involved with this case, or listen to any radio or television reports about the case or about anyone involved with it.  In fact, until the trial is over you should probably avoid reading any newspapers or news journals, and avoid listening to any TV or radio newscasts.  There might not be any news reports of this case, but, if there are, you might find yourself inadvertently reading or listening to something before you realize what you are doing.

Sixth, do not do any research—on the Internet, in libraries, in the newspapers, or in any other way—or make any investigation about this case on your own.  Do not use or refer to a dictionary or any law books concerning any aspect of this case, including any evidence introduced.  Do not visit the scene of any incident mentioned in this case and do not use Internet programs or other devices to electronically search for or view any place discussed in the testimony.  Also, do not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge.

Seventh, do not form an opinion about any fact or issue in the case until you have received all of the evidence, have heard arguments of counsel, have been instructed as to the law of the case, and have retired to the jury room.  Consequently, do not make up your mind during the trial about what the verdict should be.  Keep an open mind until after you have gone to the jury room to decide the case and have discussed the evidence with the other jurors.

# INSTRUCTION NO. 9

## OUTSIDE COMMUNICATIONS AND RESEARCH

You, as jurors, must decide this case based solely on the evidence presented here within the four walls of this courtroom because the parties must have an opportunity to respond to any information you consider in deciding this case. This means that during the trial you must not conduct any independent research about this case, the matters in the case, and the individuals or entities involved in the case. In other words, you should not consult dictionaries or reference materials, search the Internet, websites, blogs, chat rooms, social networking websites including Facebook, My Space, LinkedIn or YouTube, or use your cell phones, iPhones, text messaging, Twitter or any other electronic tools or devices to obtain information about this case or to help you decide the case.

Until you retire to deliberate, you may not discuss this case with anyone, even your fellow jurors. After you retire to deliberate, you may begin discussing the case with your fellow jurors, but you cannot discuss the case with anyone else until you have returned a verdict and the case is at an end. I hope that for all of you this case is interesting and noteworthy. However, until you have returned a verdict and the case is at an end, you must not talk to anyone or communicate with anyone about the case by any means, electronic or otherwise. This includes communications with your family and friends. Such communication would compromise your fairness as jurors and may require your removal from the case and a retrial of this matter at considerable expense to the parties.

**INSTRUCTION NO. 10**

**OUTLINE OF TRIAL**

The trial will proceed in the following manner:

First, the attorney for the plaintiff may make an opening statement. Next, the attorney for the defendants may make an opening statement.  An opening statement is not evidence but is an outline of what the party intends to prove, a summary of what the attorney expects the evidence to be.

The plaintiff's attorney will then present evidence through a direct examination of a witness.  The defendants' attorney may then cross-examine that witness.  After the cross-examination, the plaintiff's attorney may ask additional questions on re-direct. The defendants' attorney may also ask questions on re-cross.  After all of the plaintiff's witnesses have been presented, the plaintiff will rest.  The defendants' attorney will then present the defendants' case.  The defendants may present evidence through direct examination of witnesses and plaintiff's attorney may cross-examine those witnesses. Re-direct and re-cross examinations may also take place.

After the presentation of evidence is completed, the attorneys will make their closing arguments to summarize and interpret the evidence for you.  Just as with opening statements, these closing arguments are not evidence.  I will then instruct you further on the law.  After that, you will retire to deliberate on your verdict.

**INSTRUCTION NO. 11**

**STATEMENT OF THE CASE**


This case involves a motor vehicle accident on August 7, 2009.  The plaintiff claims he was injured on about August 7, 2009, at or near the intersection of 18th Street and Paul Street in Omaha, Douglas County, Nebraska.  The plaintiff alleges that defendant Charles Thornton was negligent when he attempted to reverse his tractor-trailer to a location near the plaintiff's trailer and, in doing so, struck and pinned the plaintiff between the two tractor-trailers causing the plaintiff personal injuries.  Defendant Products Unlimited, Inc. is the owner of the trailer and was Thornton's employer at the time of the accident.

The plaintiff, David Fike, claims that defendant Thornton was negligent in one or more of the following ways:

1.      in failing to keep a proper lookout;

2.      in failing to keep the defendant's vehicle under control;

3.      in failing to obtain ground assistance so that the defendant could safely maneuver his vehicle while in reverse; and

4.      in failing to communicate his intentions with respect to where he was parking the tractor-trailer.

The plaintiff also alleges that defendant Thornton was employed by defendant Products Unlimited, Inc., and was acting within the scope of his employment at the time of the accident.  The plaintiff claims he was injured as a result of defendant Thornton's negligence and seeks a judgment against the defendants for his injuries.

Defendants admit that an accident occurred on or about August 7, 2009, at or near the intersection of 18th and Paul Streets in Omaha, but deny that defendant Thornton was negligent.  Defendants further deny that such accident was the proximate cause of the injuries and damages claimed by the plaintiff and deny that the injuries were of the nature, severity, or extent claimed by the plaintiff.

In defense to the plaintiff's claim, defendants raise the defense of contributory negligence.  They claim the plaintiff was also negligent in one or more of the following ways:

1.      failure to keep a proper lookout;

2.      failure to exercise reasonable care for his own safety; or

3.      moving from a place of safety directly into a place of danger just prior to the subject accident.

The plaintiff denies the defendants' allegation of contributory negligence.

**INSTRUCTION NO. 12**

**UNCONTROVERTED FACTS**

The parties agree that the following may be accepted as established facts for purposes of this case only:

1.      Plaintiff David Fike, at all times material and relevant herein, was a resident of Santa Margarita, California.

2.      Defendant Charles E. Thornton, at all times material and relevant herein, was a resident of Omaha, Douglas County, Nebraska.

3.      Defendant Charles Thornton was operating a tractor-trailer on or about August 7, 2009.

4.      Defendant Products Unlimited, Inc. is a corporation organized and existing under the laws of the State of Nebraska and doing business in Omaha, Douglas County, Nebraska.

5.      An accident occurred on or about August 7, 2009, at or near 18th and Paul Streets in Omaha, Douglas County, Nebraska.

## INSTRUCTION NO. 13

## NEGLIGENCE—ELEMENTS

Before the plaintiff can recover against the defendants, the plaintiff must prove, by a preponderance of the evidence, each and all of the following:

1.      That defendant Thornton was negligent in one or more of the following ways:

      a.      in failing to keep a proper lookout;

      b.      in failing to keep his vehicle under control;

      c.      in failing to obtain adequate ground assistance under the circumstances so that he could safely maneuver his vehicle while in reverse; or

      d.      in failing to communicate his intentions with respect to where he was parking the tractor-trailer.

2.      That this negligence was a proximate cause of the accident;

3.      That the accident was a proximate cause of some damage to the plaintiff; and

4.      The nature and extent of that damage.

If the plaintiff has not met this burden of proof, then your verdict must be for the defendants.

On the other hand, if the plaintiff has met this burden of proof, then proceed to consider the liability of defendant Products Unlimited, Inc., and the defendants' affirmative defenses.

## INSTRUCTION NO. 14

## IMPUTED LIABILITY

If you find Charles E. Thornton was negligent, then Products Unlimited, Inc. is also liable if you find, by a preponderance of the evidence, that:

1.  At the time of the accident, Charles E. Thornton was the employee of Products Unlimited, Inc.; and

2.  At the time of the accident, Charles E. Thornton was acting within the scope of his employment as the employee of Products Unlimited, Inc.

You will indicate your finding on the Verdict Form.

**INSTRUCTION NO. 15**

**DEFINITION OF SCOPE OF EMPLOYMENT**

The conduct of an employee is within the scope of his employment when:

1.      It is the kind of thing he was employed to do;

2.      It is done substantially within any authorized limits on time and place; and

3.      It is done with at least the partial intention of furthering the interests of his employer.

The employee has the authority to do such acts and employ such means as are usual, appropriate, reasonably necessary, or proper to accomplish the purposes and objects of the employer, unless the employer has limited the employee's authority.

## INSTRUCTION NO. 16

## AFFIRMATIVE DEFENSE—CONTRIBUTORY NEGLIGENCE

## ELEMENTS

In defense to the plaintiff's claim, the defendants claim that the plaintiff was also negligent.  In connection with the defendants' claim that the plaintiff was negligent, the burden is on the defendants to prove by a preponderance of the evidence both of the following:

1.   That the plaintiff was negligent in one or more of the following ways:

    a.    failure to keep a proper lookout;

    b.    failure to exercise reasonable care for his own safety; or

    c.    moving from a place of safety, directly into a place of danger just prior to the subject accident.

2.   That this negligence on the part of the plaintiff was a proximate cause of the plaintiff's own injury.

If the plaintiff has met his burden of proof on his negligence claim as instructed in Instruction No. 13 and the defendants have not met his burden of proof on the contributory negligence defense, as instructed above, then your verdict must be for the plaintiff.

If both the plaintiff and the defendants have met their burdens of proof, then you must compare the negligence of each with that of the other as instructed in Instruction No. 17.

## INSTRUCTION NO. 17

## ALLOCATION OF NEGLIGENCE

If you find the plaintiff was damaged and that the plaintiff's damages were proximately caused by both the negligence of the plaintiff and the defendants, then you must determine to what extent the negligent conduct of each contributed to the damages of the plaintiff, expressed as a percentage of 100 percent.

If you find that both the plaintiff and defendant Thornton were negligent and that the plaintiff's negligence was equal to or greater than the negligence of the defendant Thornton, then the plaintiff will not be allowed to recover.

If you find that both the plaintiff and defendant Thornton were negligent and that the defendant Thornton's negligence was greater than the negligence of the plaintiff, then the plaintiff will be allowed to recover.

If the plaintiff is allowed to recover, you will first determine the plaintiff's total damages without regard to its percentage or degree of negligence.

If the plaintiff is allowed to recover, you will then reduce the total damages by the percentage of the plaintiff's negligence.

**INSTRUCTION NO. 18**

**NEGLIGENCE—DEFINED**

Negligence is doing something that a reasonably careful person would not do under similar circumstances, or failing to do something that a reasonably careful person would do under similar circumstances.

**INSTRUCTION NO. 19**

**NEGLIGENCE ON THE PART OF A DRIVER—DEFINED**


Drivers are negligent if they do something a reasonably careful driver in the same situation would not have done, or fail to do something a reasonably careful driver in the same situation would have done.  For example, drivers are negligent if they fail to see or hear those things that would have been seen or heard by a reasonably careful driver in the same situation.  They are also negligent if they fail to keep their vehicles under such control as a reasonably careful driver would have, in the same situation.

Reasonably careful drivers take into consideration such facts as their own speed, the condition of their vehicle, the condition of the road, weather conditions, the presence of other vehicles, pedestrians, or objects, and any other factors that affect driving conditions.

**INSTRUCTION NO. 20**

**RIGHT TO ASSUME ANOTHER'S REASONABLE CARE**


A person may assume that every other person will use reasonable care and will obey the law until the contrary reasonably appears.

**INSTRUCTION NO. 21**

**PROXIMATE CAUSE—DEFINED**


A proximate cause is a cause that produces a result in a natural and continuous sequence, and without which the result would not have occurred.

**INSTRUCTION NO. 22**

**DAMAGES**


If you return a verdict for the plaintiff, then you must decide how much money will fairly compensate the plaintiff for his injury.  I am about to give you a list of the things you may consider in making this decision.  From this list, you must only consider those things you decide were proximately caused by defendants' negligence:

1.  The nature and extent of the injury, including whether the injury is temporary or permanent and whether any resulting disability is partial or total;

2.  The reasonable value of the medical (hospital, nursing, and similar) care and supplies reasonably needed by and actually provided to the plaintiff;

3.  The wages, salary, profits, or reasonable value of the working time the plaintiff has lost because of his inability, or diminished ability, to work;

4.  The physical pain and mental suffering the plaintiff has experienced and is reasonably certain to experience in the future; and

Remember, throughout your deliberations you must not engage in any speculation, guess, or conjecture and you must not award any damages by way of punishment or through sympathy.

**INSTRUCTION NO. 23**

**INTRODUCTION**

Now that you have heard the evidence and the attorneys' arguments, it is my duty to inform you of the legal principles and considerations you are to use in arriving at a proper verdict.

It is your duty to follow the law given you in this charge and to apply these rules of law to the facts as you find them from the evidence. Do not single out one instruction alone as stating the law, but consider the instructions as a whole.

Do not be concerned with the wisdom of any rule of law that the court states. Regardless of any opinion you may have about what the law ought to be, it would violate your sworn duty to base a verdict upon a view of the law different from the one given in these instructions, just as it would violate your sworn duty as judges of the facts to base a verdict upon anything but the evidence in the case and the reasonable inferences arising from such evidence.

**INSTRUCTION NO. 24**

**EXPLANATORY**


Members of the jury, most of the instructions I gave at the beginning of the trial and during the trial remain in effect.  Some instructions have been deleted from your preliminary set and those instructions should not be considered.  I will now give you some additional instructions.

Other than the instructions that have been deleted from your preliminary set, you must continue to follow the instructions that I gave you earlier, as well as those I give you now.  You must not single out some instructions and ignore others, because all are important.  This is true even though some of those I gave you at the beginning of trial are not repeated here.

The instructions I am about to give you now as well as those I gave you earlier, other than the deleted instructions, are in writing and will be available to you in the jury room.  You will also receive a Special Interrogatories or Verdict Form to use in conjunction with these instructions

**INSTRUCTION NO. 25**

**JUDGE'S OPINION**


In the trial of this case and in these instructions, I have in no way attempted to express my opinion about who should prevail upon the issues submitted to you. You must not construe any statement, action, or ruling on my part during the trial as an indication of my opinion about the proper outcome of your verdict. During the course of a trial, I might have occasionally asked questions of a witness to bring out facts not fully covered in the testimony. Do not assume that I hold any opinion on the matters to which the questions related.

**INSTRUCTION NO. 26**

**EVIDENCE AND OBJECTIONS**


During the trial I have ruled on objections to certain evidence. You must not concern yourselves with the reason for such rulings since they are controlled by rules of law.

You must not speculate or form or act upon any opinion about how a witness might have testified in answer to questions which I rejected during the trial, or upon any subject matter to which I forbade inquiry.

In coming to any conclusion in this case, you must be governed by the evidence before you and by the evidence alone. You may not indulge in speculation, conjecture or inference not supported by the evidence.

The evidence from which you are to find the facts consists of the following:  (1) the testimony of the witnesses; (2) documents and other things received as exhibits; and (3) any facts that have been stipulated—that is, formally agreed to by the parties.

The following things are not evidence:  (1) statements, comments, questions and arguments by lawyers for the parties; (2) questions by jurors; (3) objections to questions; (4) any testimony I told you to disregard; and (5) anything you may have seen or heard about this case outside the courtroom.

**INSTRUCTION NO. 27**

**MORTALITY TABLES**


There is evidence before you from life expectancy tables that the plaintiff's life expectancy is 17.15 years.  This evidence may assist you in determining probable life expectancy.   This is only an estimate based on average experience.   It is not conclusive.  You should consider it along with any other evidence bearing on probable life expectancy, such as evidence of health, occupation, habits, and the like.

**INSTRUCTION NO. 28**

**ACTIVATION OR AGGRAVATION OF A PREEXISTING CONDITION**


There is evidence that the plaintiff had a back condition prior to the date of the accident.   The defendants are liable only for any damages that you find to be proximately caused by the accident.

If you cannot separate damages caused by the preexisting condition from those caused by the accident, then the defendants are liable for all of those damages.

**INSTRUCTION NO. 29**

**VERDICT DETERMINED BY CHANCE—QUOTIENT VERDICT**


The law forbids you to return a verdict determined by chance.  You may not, for instance, agree in advance that each juror will state an amount to be awarded in damages, that all of those amounts will be added together, that the total will be divided by the number of jurors, and that the result will be returned as the jury's verdict.  A verdict determined by chance is invalid.

**INSTRUCTION NO. 30**

**REASONABLE INFERENCES**


While you should consider only the evidence in the case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions which reason and common sense lead you to draw from the facts which have been established by the testimony and evidence in the case.

**INSTRUCTION NO. 31**

**NOTE-TAKING**


Throughout the course of the trial you have been allowed to take notes of the testimony.  You may take your notes into the jury room for use in your deliberations.  Remember, however, your notes are not evidence.  The courtroom deputy is charged with the task of keeping the official record of all exhibits received into evidence during the trial.  At the close of trial, she will deliver all exhibits you are to consider in your deliberations.

Your notes should be used only as aids to your memory.  You should not give your notes precedence over your independent recollection of the evidence.  You should rely on your own independent recollection of the proceedings, and you should not be influenced by the notes of other jurors.  Your notes are not entitled to any greater weight than each juror's recollection or impression of the testimony given during this trial.  After you have reached a verdict, your notes will be destroyed.

## INSTRUCTION NO. 32

## DELIBERATIONS AND VERDICT

In conducting your deliberations and returning your verdict, there are certain rules you must follow.

First, when you retire to the jury room, first select one of your number to be foreperson to preside over your discussions and to speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury room.  Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.  Do not be afraid to change your opinions if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

Third, you will take with you when you retire for your deliberations an official verdict form on which you will indicate a verdict.  A verdict reached during the first six hours of your deliberation must be agreed to by all of you, that is, it must be unanimous. After six hours of deliberation, you may reach a verdict agreed to by ten or eleven of you.  If your verdict is unanimous, it should be signed by the foreperson only.  If your verdict is not unanimous, it should be signed by each of the ten or eleven jurors who agree to it.  Please follow the directions carefully when filling it out.

Fourth, if you need to communicate with me during your deliberations, you may send a note to me through the courtroom deputy, signed by one or more jurors.  I will respond as soon as possible either in writing or orally in open court.  Your answer may

not come immediately because I may need to assemble the attorneys and confer with them before I respond.  Remember that you should not tell anyone—including me—how your votes stand numerically.

Finally, when you arrive at your verdict and the form of verdict has been completed, you will have concluded your task.  Notify my chambers and I will receive your verdict promptly.  If you do not agree on a verdict by 5:00 this evening, you may separate and return for further deliberations tomorrow.  You may separate for meals whenever you choose.  If you do separate, you are not allowed to discuss this case with anyone, even another juror.